United States District Court
Southern District of Texas
**ENTERED**
June 21, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DAWNA VALENTINE, § | |
| § | |
| Appellant, § | |
| § | CIVIL ACTION NO. 3:17-CV-13 |
| § | CIVIL ACTION NO. 3:17-CV-54 |
| § | |
| § | |
| § | |

# MEMORANDUM OPINION AND ORDER

# AND

# ORDER TO CURE DEFICIENCIES

Dawna Valentine has filed a motion to consolidate two appeals from orders entered by the Bankruptcy Court.

## FACTUAL BACKGROUND

Valentine has filed multiple lawsuits in this Court and others since 2011, trying to avoid foreclosure and eviction from the home at 9214 Amberjack Drive, Texas City, Texas 77591. Valentine has also initiated several bankruptcy proceedings in the Southern District of Texas. *See, e.g.*, Cause No. 3:11-cv-402; Cause No. 3:14-cv-210; Cause No. 3:14-br-80352; Cause No. 3:15-br-80098; Cause No. 3:15-br-80184; Cause No. 3:15-br-80372; *Lauderdale and Valentine v. JP Morgan Chase Bank, N.A.,* No. 14-14-00381-CV in the Court of Appeals for the Fourteenth District of Texas (pending). The Court takes judicial notice of the docket sheets and pleadings in each of these cases, as well as the others discussed below.

It appears that Valentine was given a Quitclaim Deed to the property in January 31, 2011 by Koza Lauderdale, even though he had previously signed a Deed of Trust and Note on the home, and even though the Note had not been paid off. The Note was in default, and JP Morgan Chase soon sought to foreclose.

### *Valentine's First Lawsuit*

In August 2011, Valentine tried to prevent foreclosure by filing a lawsuit in the County Court at Law No. 1 of Galveston County, Texas, seeking an injunction on the grounds that the Bank had violated the Fair Debt Collection Practices Act, the United States Constitution, the Constitution of the State of Texas, the Uniform Commercial Code, and other statutes, and that the Bank had also breached a loan agreement. *Valentine v. Chase Home Finance*, Cause 65762, in the Galveston County Court at Law No. 1. JP Morgan Chase removed the lawsuit to this Court. *See* 3:11-cv-402 and 3:11-cv-408. Valentine's request for a preliminary injunction was denied, and her suit was ultimately dismissed in its entirety. A final judgment issued from this Court on January 31, 2012, dismissing Valentine's case "on the merits" and awarding JP Morgan Bank its costs. Dkt. 29. Although Valentine appealed to the Fifth Circuit, the Fifth Circuit granted the Bank's motion to dismiss her appeal. *Valentine v. Chase Home Finance, L.L.C.*, No. 12-41063 (Aug. 29, 2013) (per curiam).

### *The Bank's Eviction Lawsuit and Valentine's Appeals*

In July 2012, JP Morgan Chase Bank purchased the home in a foreclosure sale. In December 2013, Valentine was given notice to vacate the property.

In January 2014, the Bank filed a Forcible Detainer Petition in the Justice Court of Galveston County, Precinct 5. *JP Morgan Chase Bank v. Lauderdale and Valentine*, Cause No. E50140015. The JP Court entered judgment in favor of the Bank.

On April 11, 2014, Valentine appealed that judgment to the Galveston County Court at Law No. 2. *JP Morgan Chase Bank v. Lauderdale and Valentine*, Cause No. CV-0071914. Judge Barbara Roberts entered a Judgment for Possession in favor of the Bank.

In May 2014, Valentine appealed to the Court of Appeals for the Fourteenth District of Texas. The appeal is still ongoing because it has been interrupted by Valentine filing separate suggestions of bankruptcy on November 4, 2014, and again on February 11, 2016.

### *Valentine's Second Lawsuit*

On June 2, 2014, while her appeal of the Judgement for Possession was underway in the Fourteenth Court of Appeals, Valentine filed yet another lawsuit against the Bank, *Dawna Valentine, et al vs. JP Morgan Chase Bank*, in the 122nd District Court of Galveston County, Texas, Cause No. 14-CV-0607. The Bank removed the claims against it to this Court, and United States District Judge Vanessa Gilmore granted the Bank's motion to dismiss. *See* 3:14-cv-00210. Valentine unsuccessfully appealed that dismissal to the Fifth Circuit, and she also filed an unsuccessful petition for writ of certiorari the United States Supreme Court.

### *The Current Proceedings: Valentine Appeals Bankruptcy Court's Orders*

Now, Valentine has filed two proceedings in this Court. Both are appeals from orders entered in her pending bankruptcy proceeding, and they arise from the interplay between Valentine's appeal of the state court Judgement for Possession and Valentine's latest bankruptcy proceeding.

In February 2016, Valentine filed her second suggestion of bankruptcy in the Fourteenth Court of Appeals, and that court promptly stayed her appeal. After success at both the Justice Court and County Court levels in seeking a Judgment for Possession, JP Morgan Chase was understandably eager to continue the appeal. The Bank filed a motion in the Bankruptcy Court, asking that the bankruptcy stay be lifted, in part, so that the Fourteenth Court of Appeals could reinstate and finally dispose of Valentine's appeal of its Judgment for Possession.

On January 13, 2017, United States Bankruptcy Judge Marvin Isgur granted JP Morgan Chase's motion, and the Fourteenth Court of Appeals reinstated Valentine's appeal on March 28, 2017. Valentine's appeal was submitted for consideration on June 6, 2017, and an opinion from that court may be expected at any time.

Now, in this Court, Valentine is appealing Judge Isgur's order lifting the stay. She filed her notice of appeal of that order on January 20, 2017, which was assigned Cause Number 3:17-CV-13. A month later, on February 23, 2017, Valentine filed a separate notice of appeal to complain of Judge Isgur's rulings on her Motion to Proceed without Payment Regarding Notice of Appeal, Dkt. 144, her Motion for Copy of Transcript at Government Expense, Dkt. 146, and her motion to recuse, Dkt. 154. That appeal was

assigned Case Number 3:17-CV-54. Valentine has asked this Court to consolidate these appeals.

Based upon its review of the docket sheets, pleadings, and procedural history of both 3:17-CV-13 and 3:17-CV-54, the Court finds that consolidation of these cases may be appropriate. However, the Court declines to consolidate these cases until certain procedural problems in both cases are addressed.

Valentine has filed motions in both 3:17-CV-13 and 3:17-CV-54 to proceed *in forma pauperis* and for a transcript at government expense. In both cases, the Court has instructed her to file the appropriate affidavit.

**Further, the Court hereby gives notice that, if Valentine does not cure the following deficiencies by July 7, 2017, both 3:17-CV-13 and 3:17-CV-54 will be dismissed for want of prosecution:**

- ✓ The filing fee in 3:17-CV-13 has not been paid.
- ✓ The appellant has not arranged to pay for the transcripts designated in 3:17-CV-13.
- ✓ The filing fee in 3:17-CV-54 has not been paid.
- ✓ The record in 3:17-CV-54 has not been designated.

The Clerk shall enter this Order and send a copy to Appellant by certified mail, return receipt requested, to the following address: **Dawna Valentine, 9214 Amberjack Drive, Texas City, Texas, 77591.**

In light of the foregoing, Valentine's motion to consolidate in 3:17-CV-13, Dkt. 9, is **DENIED without prejudice to reurging**. Valentine's motion to consolidate in 3:17-cv-54, Dkt. 6, is also **DENIED without prejudice to reurging**.

**No other relief is granted herein.**

SIGNED at Galveston, Texas, this 21st day of June, 2017.

_____
GEORGE C. HANKS JR.
UNITED STATES DISTRICT JUDGE