UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| IN RE: § <br> DAWNA MERYL VALENTINE, § <br> § <br> Appellant, § <br> § CIVIL ACTION NO. 3:17-CV-54 <br> § <br> § <br> § | |

## **ORDER**

Dawn Valentine has filed a motion to proceed *in forma pauperis* on her current appeal from this Court to the Fifth Circuit. (*See* Dkt. 22, Notice of Appeal and Dkt. 23, Motion for Leave to Appeal IFP).

"As to determination of a motion for leave to proceed IFP on appeal, 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a) govern." *Cooper v. Ocwen Loan Servicing, LLC*, 3:14-CV-2795-N, 2016 WL 6208549, at *2 (N.D. Tex. Sept. 30, 2016), report and recommendation adopted, 3:14-CV-2795-N (BF), 2016 WL 6139112 (N.D. Tex. Oct. 21, 2016) (citing *Johnson v. Citimortgage, Inc.*, No. 3:15-CV-2707-B (BN), 2016 WL 4444336, at * 1 (N.D. Tex. June 28, 2016)). "Section 1915(a)(3) provides that '[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." *Id*.

Further, Rule 24(a) requires that "[e]xcept as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court [and] must attach an affidavit that: (A) shows in the detail prescribed by

Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs; (B) claims an entitlement to redress; and (C) states the issues that the party intends to present on appeal." FED. R. APP. PROC. 24. The exception to this rule requires that a party have previously been granted IFP status in the district court action, which Valentine has not. (*See* Dkt. 10, Order denying Valentine's motion to proceed IFP, *and* Dkt. 17, Memorandum and Opinion and Notice to Cure Deficiencies).

Reviewing the Notice of Appeal in this case, and taking into consideration her pleadings in this case and the Court's previous orders, the Court finds that Valentine's appeal is not taken in good faith. In evaluating whether an appeal is taken in "good faith," the relevant inquiry is "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Carter v. Mossbarger*, No. 16-40740, 2017 WL 2829099, at *1 (5th Cir. June 29, 2017) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted)). Good faith "does not require that probable success be shown," but rather "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *United States v. Arroyo-Jurado*, 477 Fed. App'x. 150, 151 (5th Cir. 2012). "A complaint is frivolous if it lacks an arguable basis either in law or in fact." *Kingery v. Hale*, 73 Fed. App'x. 755, 755 (5th Cir. 2003).

Valentine has failed to comply with Rule 24. She has failed to provide an affidavit "show[ing] in the detail prescribed by Form 4 of the Appendix of Forms" that she is unable to pay to pay or to give security for fees and costs; and she has failed to specified the issues that the she intends to present on appeal. Accordingly, for these reasons, as

well as the reasons set out in its Memorandum Opinion and Order and Notice to Cure, the Court finds that Valentine's appeal is not taken in good faith, and that her motion for leave to appeal *in forma pauperis* should be **DENIED**.

SIGNED at Galveston, Texas, this 7th day of July, 2017.

_____
George C. Hanks Jr.
United States District Judge